## Avery Manufacturing Company v. H. F. Mooney et al.

CROSS-EXAMINATION—*when not unduly restricted.* Where it appears that a party was upon cross-examination permitted to elicit all that was material to his side of the controversy, no objection of undue restriction can be successfully made.

Assumpsit. Appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

W. W. REEVES and JOHN J. REA, for appellant.

F. M. & H. I. GREEN, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellant, a corporation, brought its action in *assumpsit* against appellees, Mooney and Block, to recover the amount alleged to be due upon two promissory notes, one for $433.70 dated January 22, 1906, and one for $213.84 dated July 17, 1906, both being signed by Block on the latter date and being payable October 1, 1906, with interest at six per cent. after maturity. Appellee Mooney was defaulted and judgment was entered against him in favor of appellant for $664.62. Appellee Block filed a plea of the general issue verified and two special pleas alleging in substance that at the time his signature was secured to said notes appellant represented to him that one F. W. Streuber was to sign the same as principal; that said Streuber was not then present but would be in a short time and would sign said notes as principal; that said Block signed said notes as surety for Streuber at the request of appellant, relying on the representaton of appellant that Streuber would sign the same as principal; and that appellant never did obtain the signature of Streuber to said notes as principal. Upon a trial of the issues there was a verdict

in favor of appellee Block and judgment against appellant in bar of its action and for costs.

It is urged that the trial court erred in unduly restricting the cross-examination by appellant's counsel of the witnesses Mooney, Streuber and Block, called on behalf of appellee Block. The cross-examination of the witnesses named is not fully abstracted and counsel for appellant have not favored us with a reference to the specific points relied upon to sustain the objection urged. An examination of the record, however, discloses that appellant could not have been prejudiced by the action of the trial court in sustaining objections to cross interrogatories propounded to the several witnesses. All that was material to appellant's case seems to have been elucidated by the cross-examination of the witnesses, and the instances in which objections were sustained involved mere repetition. There was no error in excluding the property statement made by Block at the time he signed the notes. The evidence did not tend to prove or disprove any issue in the case. For the same reason proof offered as to the financial condition of Streuber was properly excluded.

Evidence of the conversation between Streuber and Block wherein the former requested the latter to become his surety on the notes was competent as a part of the *res gestae*.

There is evidence tending to show that the agricultural implements for the purchase price of which the notes were given, were sold by appellant to Mooney; that Mooney subsequently formed a partnership with Streuber and that the latter, by an arrangement thereafter made with Mooney and the agent of appellant, assumed the indebtedness of Mooney to appellant; that a prior note for $230.50 maturing July 22, 1906, arising out of the same transaction and signed by Mooney and Block, was presented by appellant to Streuber for payment and was paid by Streuber in

pursuance of his agreement to assume the payment of Mooney's indebtedness to appellant. The payment of the prior note by Streuber characterized his relation to the transaction and the note was properly admitted in evidence as a part of the *res gestae.*

In view of the verdict of the jury and our conclusion that the judgment predicated thereon should be affirmed it becomes unimportant to consider the propriety of the ruling of the court in excluding evidence offered by appellant as to its reasonable attorney's fees, under the provision therefor in the notes sued on.

If appellant's fifth given instruction was modified by the court, the modification could not have resulted in any injury. The jury were repeatedly instructed that it was incumbent upon appellee Block to establish the facts alleged in his special pleas by a preponderance of the evidence, and the instruction as given by the court specifically so informed the jury. As applied to the issue made by the declaration and the plea of the general issue the burden of proof was upon appellant, and the seventh instruction given on behalf of appellee Block was, therefore, a correct statement of the law.

A careful consideration of the record leads us to the conclusion that the issues of fact involved were fairly submitted to the jury upon competent evidence and proper instructions, and that the verdict thereon must be held to be conclusive. The judgment will accordingly be affirmed.

*Affirmed.*